Order of disposition, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about October 17, 2012, which, upon a fact-finding determination that respondent mother abused her daughter and derivatively neglected the child’s two siblings, released the children to respondent’s care with 12 months of supervision by petitioner Administration for Children’s Services, unanimously affirmed, insofar as it brings up for review the fact-finding determination, and the appeal therefrom otherwise dismissed as moot, without costs. Appeal from *434 fact-finding order, same court and Judge, entered on or about April 20, 2012, unanimously dismissed, without costs, as superseded by the appeal from the order of disposition.
The determination that respondent abused her eight-month-old non-ambulatory daughter is supported by a preponderance of the evidence, including the undisputed fact that the child sustained three separate injuries — two skull fractures and a fracture of the humerus — that ordinarily would not have occurred absent acts or omissions of respondent and her mother, who were the child’s only caretakers (see Family Ct Act § 1046 [a] [ii]; [b] [i]; Matter of Philip M., 82 NY2d 238, 243-244 [1993]; Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 72-73 [1st Dept 2012]).
Respondent failed to provide a reasonable explanation for the child’s injuries (see Matter of Philip M., 82 NY2d at 244). Her explanation that the child fell in her crib about a month earlier and hit the side of her head on a toy attached to the railing was not sufficient to explain the acute skull fracture or the humerus fracture, nor did it adequately explain the older skull fracture, which occurred on the back of the child’s head (compare Matter of Amir L. [Chantel B.], 104 AD3d 505, 506 [1st Dept 2013]).
Respondent’s abuse of her daughter warrants the finding of derivative neglect as to the other two children, who both at times resided with her (see Matter of Matthew O., 103 AD3d at 76). Concur — Tom, J.E, Friedman, Renwick, Feinman and Clark, JJ.